### SHILAGI v. DEGNON-McLEAN CONTRACTING CO.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

CONTRIBUTORY NEGLIGENCE—DISREGARD OF WARNING.

> A person who, while walking along a sidewalk, stops opposite the place where a gas pipe in the center of the street is being cut, is not guilty of contributory negligence merely because he fails to move when warned that he is in a dangerous place; the fact that it was dangerous not being apparent to him, and the reason why it was dangerous not being explained to him,
>
> Van Brunt, P. J., and Laughlin, J., dissenting.

Appeal from trial term, New York county.

Action by Charles Shilagi, by guardian ad litem, against the Degnon-McLean Contracting Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

John Ford, for appellant.
T. J. O'Neill, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for personal injuries. The plaintiff had a verdict for $500, and from the judgment entered thereon defendant has appealed.

There is substantially no dispute as to the facts. The plaintiff, 18 years of age, on the 20th of July, 1901, was walking on the west side of Elm street, in the city of New York. When he approached the intersection of Elm and Bleecker streets, he stopped directly opposite, and some 30 feet from, where defendant's servants were cutting a 30-inch gas pipe, which was located near the center of Elm street. The method of cutting the pipe was the usual one employed; i. e., one servant using a hammer, and the other holding what is called in the record a "diamond point." While the plaintiff was standing in this

place he was told by a watchman in defendant's employ that it was a dangerous place for him to stand, and that he had better go away. This the plaintiff did, but shortly afterwards returned to the same place, when he was again told by another servant in defendant's employ that he must go away; that it was a dangerous place for him to be in. He did not go away, but remained where he was, and shortly thereafter was injured by a flying chip or piece of iron from the pipe which the defendant's servants were cutting.

The appellant asks for a reversal of the judgment upon several grounds, but only one of them seems to be of sufficient importance to call for consideration. The learned trial justice, in submitting the case to the jury, said:

"It is said by some of the defendant's witnesses that this boy had been chased away, and warned to go away. As a matter of fact, there was no legal right in the defendant to insist upon any pedestrian moving away; yet, if there was a risk of imminent danger, and the pedestrian's attention was called to it, and he refused to take such reasonable precautions for his own safety as a reasonably prudent man ought to take under the circumstances, then he would be guilty of contributory negligence."

It seems that the appellant was entirely satisfied with the instruction thus given, inasmuch as no exception was taken; and we do not think that any valid exception could have been taken, because, in our opinion, it is a correct exposition of the law upon the subject. At the conclusion of the charge, however, defendant's counsel requested the court to charge that:

"If the jury find that the plaintiff was warned that he was in a dangerous place, and failed to move from that place, and was injured in consequence, he was guilty of contributory negligence, and cannot recover."

To this request the court responded:

"I refuse to instruct the jury further than I have charged them on that point. I have substantially covered that proposition."

Thereupon the defendant excepted. The proposition had been covered, in so far as the defendant was entitled to have it covered. The request, as made, was not proper. This request is simply to the effect that if the plaintiff was warned that he was in a dangerous position, and failed to move, he was guilty of contributory negligence. This is not a correct statement of the law. The plaintiff had a right to be in the street. He also had a right to stop and observe what was there occurring. Ochsenbein v. Shapley, 85 N. Y. 223. And the mere fact that some one told him that he was in a dangerous place did not, in and of itself, make him guilty of contributory negligence in failing to act upon the information given. If the fact that it was a dangerous place was apparent to the plaintiff, or the reason why it was dangerous was conveyed to him, and he had then refused to move, it would render him guilty of such negligence as would have prevented a recovery. But the request did not go to this extent.

The judgment and order appealed from must be affirmed, with costs. All concur, except VAN BRUNT, P. J., and LAUGHLIN, J., who dissent.